UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
DAVID HAYWARD,

                Petitioner,

- against -

WILLIAM J. CONNOLLY, Superintendent,
Fishkill Correctional Facility,

                Respondent.
-----------------------------------------------------------X

**MEMORANDUM AND ORDER**

1:08-cv-00055-ENV

**VITALIANO, D.J.**

In 2004, petitioner David Hayward pled guilty to robbery and criminal contempt charges arising out of two occasions on which he assaulted his wife. In 2008, petitioner filed a *pro se* habeas corpus petition pursuant to 28 U.S.C. § 2254 claiming that his constitutional rights were violated by: (1) being bound by a guilty plea that he did not enter knowingly and voluntarily, and (2) ineffective assistance of counsel. For the reasons set forth below, the petition is untimely. Accordingly, habeas relief is denied.

## BACKGROUND

On June 27, 2003, Hayward punched his estranged wife, Wanda Hayward, stole her purse and fled. She subsequently obtained an order of protection against him. Defying the order, Hayward committed a similar act of violence against her four months after the first assault. Hayward was charged for these offenses under Kings County Indictment No. 7761/03. For the June 27, 2003 attack, Hayward was charged with two counts of first degree criminal contempt and one count each of second degree criminal contempt, third degree robbery, third degree menacing, fourth degree grand larceny and petit larceny. Additionally, for the October 26, 2003

1

attack, Hayward was charged with one count each of second and third degree robbery, second and third degree assault, first and second degree criminal contempt, third degree menacing, fourth degree grand larceny and petit larceny. As Hayward had a second degree assault conviction from 1995 on his record, the 2003 indictment exposed him to the enhanced penalties imposed upon second violent felons in New York. See N.Y. Penal Law § 70.04.

At a March 22, 2004 hearing before Kings County Supreme Court Justice Jonathan Leventhal, Hayward pled guilty to one count each of second degree robbery and first degree criminal contempt (both felonies), and one count of second degree criminal contempt (a misdemeanor). At the outset of the hearing, Justice Leventhal informed Hayward that, in exchange for his guilty plea, he would be sentenced to 18-24 months in "Palladia," which was described as "TASC-like," i.e., an alternative-to-incarceration substance abuse treatment program with "a little mental health involved in it," (Tr. at 3, 5), and three years of probation for the misdemeanor. His sentence on the felony charges would be held in abeyance pending the successful completion of the treatment program. Thus, if Hayward pled guilty and failed to complete the Palladia program, the court explained, he would be sentenced as a second violent felony offender to at least seven years in prison. (Id. at 3.)

In the allocution of his guilty plea, Hayward expressly affirmed that he had "discussed this case and [his] plea with [his] attorney," "had enough time to consult with [his] attorney" before the plea hearing, and was "satisfied with the legal advice [his] attorney ha[d] provided [him]." (Id. at 6.) He then changed his plea from "not guilty" to "guilty" and further allocuted to his crimes, indicating that he had intended to steal his wife's purse and to cause her injury. Hayward did not offer any reason or explanation for his violent actions.

The court determined that Hayward was "entering this plea of guilty voluntarily and of

2

[his] own free will," and understood that he was giving up his rights to trial and "to appeal from the plea, conviction and sentence in this case." (Id. at 10-11.) Further, the court specifically advised Hayward: "Let me make it clear the promise I made to you is based on certain conditions you must keep: you must come to court on every adjournment date; you cannot violate the order of protection; you must cooperate with [] the program . . . . You can't get re-arrested and you must cooperate with the Department of Probation," (id. at 13), and reiterated: "if you mess up and you are unsuccessful [in the treatment program], you'll be sentenced to seven years in jail as a second violent felony offender, minimum seven years in jail." (Id. at 11.) Hayward repeatedly acknowledged that he understood all of these conditions and implications of his plea. (Id. at 11-13.) Finally, the court told Hayward, with clear precision, "should you be sentenced as a second violent felony offender and get a determinant time in jail, you will be subject to receive five years supervised release from your release from jail. Do you understand that? What that is called is 'post release supervision.' Do you understand that?" Hayward responded: "Yes, sir." (Id. at 14.) Satisfied that Hayward understood the consequences of his guilty plea, and was acting voluntarily, the court accepted it. (Id.)

Hayward entered the Palladia program on April 5, 2004. A little over a month later, he left the treatment program for one day, but returned. Towards the end of 2004, after multiple admonishments for violating the program's rules and regulations, Hayward again left the program, and was permitted to return only after the court intervened on his behalf. In 2005, Hayward was transferred to another treatment program, from which he also fled. During this period, Hayward repeatedly violated the protective order by harassing his wife with phone calls and threatening to harm her and her unborn child. On October 12, 2005, as the court had warned would happen, Hayward was sentenced on the counts of conviction to concurrent prison terms

of, respectively, seven years, one and a third to four years and one year, plus five years of post-release supervision, commensurate with the sentencing requirements applicable to second violent felony offenders in New York. See N.Y. Penal Law §§ 70.04, 70.45(1).

On December 15, 2005, petitioner filed a notice of appeal with the Appellate Division, Second Department requesting *in forma pauperis* status and assignment of counsel to appeal his conviction. By order dated April 7, 2006, the Second Department directed Hayward to show cause why his notice of appeal should not be dismissed as untimely. Hayward did not respond to the order to show cause and, accordingly, on May 10, 2006, the court dismissed his notice of appeal and denied as academic his requests for *in forma pauperis* status and the appointment of counsel. See People v. Hayward, No. 06-CR-03179, slip op. (App. Div. 2d Dep't.).

In the meantime, on January 12, 2006, Hayward filed a *pro se* motion pursuant to New York Criminal Procedure Law § 440.10 in Kings County Supreme Court, seeking to vacate his conviction on the basis that his guilty plea was entered unknowingly and involuntarily. Specifically, Hayward argued that the court had failed to inform him that, if he failed to comply with the plea terms and received a jail sentence, he would also be subject to a period of post-release supervision. The People opposed Hayward's motion, contending that sufficient facts appeared in the record for Hayward to have raised his "unknowing and involuntary plea" claim on direct appeal, but he had failed to do so. See N.Y. Crim. Proc. Law § 440.12(c). Alternatively, the prosecution asserted that the claim was meritless, in light of statements made by the court and Hayward himself on the record during his plea allocution and sentencing hearings which reflected that Hayward was on notice of the potential post-release supervisory period.

On March 30, 2006, Supreme Court denied Hayward's motion to vacate his judgment,

finding there were "sufficient facts on the record to permit adequate review of his claim on [direct] appeal" and, further, that the facts in the record directly contradicted his claim. People v. Hayward, No. 06-CR-03179, slip op. at 2 (N.Y. Crim. Ct. Mar. 30, 2006). Hayward sought leave to appeal to the Second Department, which denied his application on August 9, 2006. He then sought leave to appeal the Second Department's denial of review to the Court of Appeals, which dismissed the application on October 31, 2006, on the ground that the Second Department's order was not appealable. See N.Y. Crim. Proc. Law § 450.90. The Court of Appeals denied Hayward's subsequent request for reconsideration on January 10, 2007.

On January 4, 2008, Hayward filed the instant *pro se* petition for habeas corpus relief pursuant to 28 U.S.C. § 2254. In the petition, he again asserts that his plea was not made knowingly and voluntarily because, inter alia, he was not apprised of the post-release supervision condition, and additionally asserts that he was deprived of the effective assistance of counsel when his attorney failed to demand a post-plea competency hearing and failed to inform petitioner that a mandatory post-release supervisory period was included in his plea bargain.

## DISCUSSION

The Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214 ("AEDPA"), establishes a one-year statute of limitations for habeas corpus petitions by state prisoners. In relevant part, the statute provides that the one-year period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Time during which a petitioner is awaiting decision on properly filed direct appeals or collateral attacks on his conviction will not charge against this one year limitation. See 28 U.S.C. § 2244(d)(2) ("The time during which a properly filed application for State post-conviction or other collateral review with respect to the

5

pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.").

Petitioner filed a notice of appeal of his October 12, 2005 sentence on December 15, 2005, which the Appellate Division dismissed approximately six months later, following petitioner's failure to show cause why the notice of appeal should not be deemed untimely.[1] In the interim, on January 12, 2006, petitioner filed his § 440.10 motion to vacate his conviction. Assuming *arguendo* that the time between petitioner's October 12, 2005 sentencing hearing and his §440.10 filing was tolled for AEDPA purposes, tolling continued through the point at which petitioner's motion was denied and he sought leave to appeal to the Second Department.

On August 9, 2006, the Second Department denied petitioner's application for leave to appeal the lower court's order denying his § 440 motion. Although he was obligated to obtain approval from the Second Department prior to appealing its judgment, see N.Y. Crim. Proc. Law §§ 450.90(1), 460.20, petitioner instead went directly to the Court of Appeals to ask for leave to appeal. The Court of Appeals dismissed his application, then denied his motion for reconsideration on January 10, 2007. People v. Hayward, No. 06-CR-01379, slip op. (N.Y.). As "[t]here is no provision in New York law for an appeal to the Court of Appeals from an order denying leave to appeal from an order denying a Section 440.10 motion," Ramos v. Walker, 88 F. Supp. 2d 233, 234 (S.D.N.Y. 2000) (citations omitted), such a putative appeal to the Court of Appeals did not constitute a properly filed application for post-conviction review which tolls the AEDPA limitations period. See id. at 236. Time therefore began to accrue again on August 9, 2006, since, as of that date, no properly filed application for collateral review of Hayward's

---

[1] Based on the evidence in the record, it appears that petitioner's time to file his notice of appeal expired on November 11, 2005. See N.Y. Crim. Proc. Law § 460.10(1) ("A party seeking to appeal from a ... sentence ..., or from a resentence ... must, within thirty days after imposition of the sentence ... file ... a written notice of appeal.").

6

conviction remained pending in state court. Most generously, assuming a petition for certiorari to the United States Supreme Court could lie from the dismissal of his direct appeal by the Appellate Division, that period would have expired the next day, August 10, 2006. See id.; 28 U.S.C. § 2244(d)(2).

Considering the 17 months that had elapsed between the Second Department's denial of leave to appeal Supreme Court's denial of Hayward's § 440 motion, petitioner filed his habeas petition no fewer than five months past the AEDPA deadline. As such, the petition is plainly untimely.[2]

While, under certain circumstances, the Court may equitably toll the AEDPA deadline to permit review of an untimely habeas petition, those circumstances do not apply here. To be granted equitable tolling, a petitioner must show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way [of timely filing]." Pace v. DiGuglielmo, 544 U.S. 408, 418, 125 S. Ct. 1807, 1814 (2005). See Holland v. Florida, No. 09-CV-5327, 2010 U.S. LEXIS 4946, at *23 (U.S. June 14, 2010) ("[W]e hold that §2244(d) is subject to equitable tolling in appropriate cases." (citing cases)). No such showing is apparent on this record. To the extent that petitioner was simply unaware of the AEDPA deadline, ignorance of the law alone does not warrant equitable tolling. See, e.g., Francis v. Miller, 198 F. Supp. 2d 232, 235 (E.D.N.Y. 2002) (citing, inter alia, Smith v. McGinnis, 208 F.3d 13, 18 (2d Cir. 2000)).

---

[2] Regardless of the timeliness of the petition, Hayward's claims clearly appear meritless. Petitioner has failed to point out, and the Court finds no evidence of, any behavior on his part at any point during the proceedings that reasonably should have alerted the court to the possibility that his mental status was at issue. Additionally, petitioner's charges against counsel are belied by the record itself. On multiple occasions, petitioner attested to his competency, satisfaction with his attorney's representation, and awareness of his post-release supervisory period. (Tr. at 6, 10, 14.)

## CONCLUSION

For the foregoing reasons, the petition for habeas corpus of David Hayward is dismissed with prejudice and the writ is denied. A certificate of appealability shall not issue. See 28 U.S.C. § 2253(c)(2). The Court certifies pursuant to 28 U.S.C. § 1915(a) that any appeal from this Memorandum and Order would not be taken in good faith, and therefore in forma pauperis is denied for the purpose of any appeal. See Coppedge v. United States, 369 U.S. 438, 369 U.S. 438, 444-45, 82 S. Ct. 917, 920-21 (1962).

The Clerk of the Court is directed to enter judgment and to close this case.

**SO ORDERED.**

Dated: Brooklyn, New York
August 3, 2010

/S/
_____
ERIC N. VITALIANO
United States District Judge